**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHERYL REEVES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:08-CV-0535-O (BF)** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, the District Court referred Sheryl Reeves' ("Plaintiff's") social security appeal, filed March 28, 2008, to the United States Magistrate Judge for hearing, if necessary, and recommendation. This is an appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Commissioner filed a response on May 21, 2008. The Court reviewed the record in connection with the pleadings. For the reasons stated, the Court recommends that the final decision of the Commissioner be AFFIRMED.

**I.**

STATEMENT OF THE CASE

The following statement of the case is taken from Plaintiff's Appeal Brief, filed September 3, 2008.[1]

---

[1] In Defendant's Brief, filed September 18, 2008, Defendant stipulates to Plaintiff's recitation of the procedural history. (Def's Br. 1.) Accordingly, the Statement of the Case is taken from Pl.'s Br 1-3.

Plaintiff applied for disability insurance benefits on November 17, 2005, due to impairments that became disabling on November 6, 2005.  (Tr. 73).  Plaintiff, who was born on June 13, 1956, had a high school education and two years of college.  (Tr. 73, 84).  Hence, Plaintiff was fifty years old on the date of the Administrative Law Judge's (ALJ's) decision.  (Tr. 19, 73).  Plaintiff requested an administrative hearing, and the hearing was held on January 5, 2007.  (Tr. 606).  Plaintiff testified, and  a medical expert ("ME") and a vocational expert ("VE") also testified.  (Tr. 606).

On February 21, 2007, the ALJ issued a decision in which he found that Plaintiff had the following severe impairments: diabetes mellitus, cardiovascular disease, hypertension, peripheral neuropathy, plantar fasciitis, eczema, and pancreatitis (in 2002).  (Tr. 15).  The ALJ also considered Plaintiff's complaints of depression, but found that impairment was not severe.  (Tr. 17).  Although the ALJ found the first-mentioned impairments to be severe, he found that they did not meet or equal the requirements of any listed impairment.  (Tr. 17).  The ALJ then concluded that, despite her impairments, Plaintiff retained the ability to perform the requirements of sedentary work, limited by the need to avoid scaffolds, heights, climbing, ladders, balancing, or crawling, and the ability to stoop, bend, squat, kneel, or crouch on only an occasional basis.  (Tr. 17).

In reaching his residual functional capacity ("RFC") assessment, the ALJ explained that the record did not contain any opinion regarding Plaintiff's functional limitations from a treating or examining source.  (Tr. 18).  Thus, the ALJ explained, no such opinion could be weighed by the court.  (Tr. 18).  Instead, the ALJ assigned "significant weight" to the opinion of the non-examining State agency physician, and the non-examining ME.  (Tr. 18).  The ALJ found Plaintiff to be "sincere and genuine regarding the pain and limitations she states she experienced with her medical impairments."  (Tr. 18).  The ALJ acknowledged that based on Plaintiff's testimony, Plaintiff would

be unable to perform "even sedentary functions." (Tr. 18). However, the ALJ then indicated that because complaints must be the result of a medically-determinable impairment, he could not accept Plaintiff's statements regarding the limiting effects of her impairments. (Tr. 18). The ALJ never stated that Plaintiff's testimony was not credible.

After finding that Plaintiff retained the ability to perform a limited range of sedentary work, the ALJ then found that Plaintiff's RFC did not prevent her from performing her past relevant work as a bookkeeper and office manager. (Tr. 19). The ALJ indicated that he relied on VE testimony in making this finding. (Tr. 19). Because the ALJ concluded that Plaintiff was capable of performing her past relevant work, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 19).

## II.

## STANDARD OF REVIEW

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1.       An individual who is working and engaging in substantial gainful activity will not

3

be found disabled regardless of medical findings.

2.      An individual who does not have a "severe impairment" will not be found to be disabled.

3.      An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4.      If an individual is capable of performing the work she has done in the past, a finding of "not disabled" must be made.

5.      If an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove her disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.*

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## III.

### ISSUES

Plaintiff seeks reversal and remand for the following reasons: (1) the Appeals Council erred in failing to review the ALJ's decision and remand this case back to the ALJ for consideration of the opinion of Plaintiff's treating physician which Plaintiff submitted with her request for review; (2) the ALJ failed to properly evaluate Plaintiff's mental impairment; and (3) the ALJ erred by not making a credibility determination.  (Pl.'s Br. 1.)  The Commissioner responds that: (1) substantial evidence supports the Commissioner's final administrative decision that Plaintiff is not entitled to DIB under Title II of the Act; and (2) the decision complies with relevant legal standards.  (Def.'s Br. 9.)

## IV.

### ANALYSIS

### **Whether the Appeals Council properly denied review**

Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits.  20 C.F.R. § 404.970(b); *Rodriguez v. Barnhart*, 252 F.Supp. 2d 329, 332 (N.D. Tex. 2003).  The Appeals Council is required to review the entire record, which includes any new and material evidence submitted by the plaintiff. Id.  In reviewing Plaintiff's claim, the Appeals Council indeed considered the opinion of Plaintiff's treating physician which was submitted with the request for review.  (Tr. 7, 583-605).  However, the Appeals Council found that the evidence on record did not afford a basis to change the ALJ's decision.  (Tr. 5).

5

The newly submitted evidence offers no support for Plaintiff's disability claim. On April 7, 2007, Plaintiff's treating physician, Cara East, M.D., made an assessment that Plaintiff was not able to perform the full duties of sedentary work due to peripheral neuropathy. (Tr. 602-604). Dr. East further opined that Plaintiff's ability was limited because the peripheral neuropathy limited Plaintiff's ability to push or pull with her lower extremities, could only occasionally crouch, kneel, or stoop, should avoid climbing and balancing, and could not finger or feel objects more than occasionally. (*Id.*) However, Dr. East's treatment records do not support her April 2007 assessment.

The Commissioner can reject the opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Here, the evidence supports a conclusion that Plaintiff's work abilities are not as limited as Dr. East opines. Dr. East's treatment records consistently list Plaintiff's impairments as severe hypertriglyceridemia, insulin dependent diabetes, and history of recurrent pancreatitis and eruptive xanthomas. (Tr. 586, 588, 591). It was not until her April 2007 assessment that Dr. East mentioned Plaintiff's exertional limitations supposedly caused by peripheral neuropathy. (Tr. 602-605). Moreover, in treating Plaintiff, Dr. East only mentioned peripheral neuropathy as a possible cause of Plaintiff's claim that she suffered from a burning sensation in her legs. (Tr. 585, 587). However, Dr. East did not reach a diagnosis of peripheral neuropathy, but rather referred Plaintiff to a neurologist for a diagnosis. (*Id.*) Prior to that, Plaintiff saw Steven Brancheau, D.P.M. (Doctor of Podiatric Medicine), for the burning sensation in her legs. (Tr. 586).

On October 10, 2006, Dr. Brancheau examined Plaintiff for complaints of calluses, painful

6

and swollen feet, and nail fungus. (Tr. 145). At that time, Plaintiff said she walked occasionally and engaged in aerobic activity two to three times a week. (Tr. 145). Dr. Brancheau found that Plaintiff had normal midtarsal range of motion and no significant muscle atrophy. (Tr. 146-147). Notably, the Fifth Circuit has recognized that an absence of objective factors indicating severe pain, such as limitations in range of motion, muscular atrophy, weight loss, or impairment of general nutrition can justify the ALJ's decision. *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987). In this case, Plaintiff's medical records do not present any of these objective factors.

The ME testified at the hearing that the evidence supported a finding that Plaintiff could perform light work, despite having plantar fasciitis and peripheral neuropathy. (Tr. 18-19, 622-623). "The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. Unit B Nov.1981) (rejecting conclusory statement of treating physician in favor of conclusions of reviewing physician). Although Dr. Murphy (the ME) did not examine Plaintiff, he had full knowledge of the program and its rules. (Tr. 18). Moreover, he reviewed the entire medical record and listened to the testimony at the hearing. (*Id.*) Upon review, Dr. Murphy gave an opinion that is supported by the medical evidence, unlike the opinion of Dr. East, Plaintiff's treating physician. Additionally, there was substantial evidence in the record viewed as a whole to support the ALJ's determination. Accordingly, remand is not justified because the new evidence would likely not have changed the outcome of Plaintiff's case. *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981).

7

**Whether the ALJ properly evaluated Plaintiff's mental impairment**

Contrary to Plaintiff's assertions, the ALJ properly evaluated Plaintiff's depression when he found that it was not severe.  (Tr. 17).  When Plaintiff submitted her appeal she indicated she had not seen, and did not plan to see a doctor or anyone else for emotional or mental problems limiting her ability to work.  (Tr. 96).  Also Plaintiff had no therapy, psychiatric treatment or hospitalization for depression.  (Tr. 17).  In October 2006, Dr. Brancheau, the consultative physician, recorded that Plaintiff denied having any present or past behavioral or psychological disorders, and Dr. Brancheau did not list Wellbutrin as one of Plaintiff's medications.  (Tr. 145-146) Only at Plaintiff's February 14, 2007 visit with Dr. East did Plaintiff indicate that a prescription for Wellbutrin needed to be refilled.  (Tr. 586).

When the ALJ found that Plaintiff's depression was slight, at best, he duly considered Plaintiff's statements about her depression and the fact that her doctor prescribed Wellbutrin for part of the time at issue here.  An impairment can be considered not severe if the impairment has such minimal effect on the individual, that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.  *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  Plaintiff did not provide medical evidence to support her claim that her depression was severe.  The ALJ's  determination that Plaintiff's depression was not severe is supported by substantial evidence and is not the result of legal error.

Plaintiff asserts the ALJ did not develop the record by obtaining a psychiatric consultation.  (Pl.'s Br. 7).  But in fact, the ALJ did develop the record.  Given that Plaintiff's depression was deemed not severe, the ALJ ceased further inquiry into Plaintiff's depression because a mental

8

impairment must be severe to lend support to a plaintiff's disability claim. Without a severe impairment, a claimant will not be found disabled, so the ALJ properly terminated inquiry into Plaintiff's depression. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Moreover, the ALJ is not required to order a psychiatric consultation. 20 C.F.R. § 404.1527(f)(2)(iii). The decision to require such a consultation is within the discretion of the ALJ. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). Significantly, as is here, where the medical and non-medical evidence support the ALJ's assessment that Plaintiff's depression was not severe, ordering a psychiatric examination would have been a futile exercise of the ALJ's discretion.

## Whether substantial evidence supports the ALJ's credibility analysis

A plaintiff will not be determined disabled based on self-declarations alone. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Instead, the plaintiff's claims must be supported by objective medical tests and laboratory findings demonstrative of a medical or psychological condition that could reasonably be expected to produce the pain and limitations the plaintiff alleges. *Id.* In this case, the ALJ's credibility determination was "grounded in the evidence and articulated in the determination," because although the ALJ characterized Plaintiff's claims as "sincere and genuine," the evidence supported a finding that Plaintiff was not disabled. *See* SSR 96-7p. (Tr. 18). The ALJ reasoned that Plaintiff had not produced any opinions to show that Plaintiff's medical condition could have been expected to produce the pain and limitations necessary to prevent Plaintiff from performing sedentary work. (Tr. 18). Thus, finding Plaintiff capable of performing sedentary work was consistent with the evidence of record. (Tr. 19).

In reaching the RFC and credibility determination, the ALJ reviewed the entire record, and

determined that no objective opinions existed to validate Plaintiff's claims.  (Tr. 18-19).  The ALJ

considered Plaintiff's claims and testimony.  Nevertheless, the medical evidence supported a finding

that Plaintiff was not disabled because she could perform work she had done in the past.  (Tr. 18-

19). Further, the ALJ took Plaintiff's claimed limitations into consideration when he found Plaintiff

limited to sedentary, as opposed to light work.  (Tr. 19).

After a thorough review of record, the Court finds that substantial evidence supports the

ALJ's determination that Plaintiff possesses the RFC to perform her past relevant work as a

bookkeeper or office manager.  Further, the ALJ's decision is not the result of legal error.

## V.

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the Commissioner's decision be

**AFFIRMED**.

IT IS SO ORDERED, August 3, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).